UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No. AW 09-0598 |
| | : | |
| CHINUA SHEPPERDSON | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION CONCERNING RETENTION OF RICHARD BARDOS, ESQ. AS COUNSEL FOR CHINUA SHEPPERDSON

Defendant Chinua Shepperdson is currently charged with, among other offenses, conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and murder in aid of racketeering, in violation of 18 U.S.C. § 1959. The defendant's four week jury trial is scheduled to commence on March 1, 2011. The charges in this case are complex and the government has provided defense counsel with voluminous discovery.

On January 14, 2011, after receiving a letter from the defendant, Chinua Shepperdson, addressed to U.S. District Judge Alexander Williams, Jr. requesting that the court appoint him new counsel, Judge Williams and the undersigned held an attorney inquiry hearing. Although the letter was dated December 6, 2010, it was received at the courthouse in late December 2010. During the hearing the court inquired at length regarding the reasons for requesting new counsel. The court pressed for specifics regarding the defendant's complaint in his letter as to lack of communication with his court appointed counsel, an ineffective attorney-client relationship that resulted in a serious barrier to communication, and matters in the defendant's case that require further exploration. Despite the court's repeated attempts to obtain specific information from the

defendant, Mr. Shepperdson either declined to provide the information citing privacy concerns[1] or merely repeated the general complaints contained in his letter.

In his letter the defendant requested the appointment of Harry Tounge, a lawyer from the District of Columbia. The court explained that Mr. Tounge is not a member of this court's Criminal Justice Act (CJA) Felony Panel and was not eligible for appointment in this matter.

During the hearing the court also heard from the defense counsel, Richard Bardos. Mr. Bardos was appointed the defendant's counsel on January 12, 2010 and has served in that position for more than a year. Contrary to the defendant's assertions, Mr. Bardos stated that he has met with the defendant between twelve to twenty times over the past year.[2] Mr. Bardos was unequivocal that he was prepared to try the case. Mr. Bardos acknowledged that the protective order entered by the court and the fact that not all the government's discovery material had been produced, hindered him in answering some of the defendant's questions. However, any defense counsel would operate under the same restrictions.

The court is familar with Richard Bardos. He has been a lawyer for 27 years and graduated with honors from the University of Maryland's Law School where he currently serves as an adjunct faculty member. He has both extensive prosecution and defense experience. He prosecuted Medicaid fraud and neglect of vulnerable adults for ten years in the Maryland Attorney General's Office. He was the former Deputy Director of Maryland's Medicaid Fraud Control Unit. He has 15 years of criminal defense experience in both state and federal courts including five years as an Assistant Federal Public Defender and numerous federal jury trials.

---

[1] The court notes that the government remained outside of the courtroom during the court's inquiry with the defendant.

[2] The defendant is being held in pretrial detention at a detention facility in Washington, D.C. Mr. Bardos' law firm is located in Baltimore, Maryland.

Mr. Bardos has a reputation of being a highly skilled and conscientious attorney.

At the conclusion of the hearing, the court requested that counsel speak to his client again, after the hearing, to determine if they could resolve their differences. After consulting with his client, Mr. Bardos represented to the court on January 24, 2011 during a telephone call with the undersigned that he and his client had reconciled, and that he would remain as counsel for the defendant.

Once competent counsel is appointed to represent an indigent defendant, it is within the court's broad discretion whether to allow a motion for substitute counsel. Generally speaking, the reported fact that the defendant and counsel are not "getting along" is insufficient to require appointment of substitute counsel. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). In *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994), the Court set forth three factors in evaluating a motion for substitute counsel: "(1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) whether the attorney-client conflict was so great that it resulted in a total lack of communication preventing an adequate defense."

The court understands that the defendant is no longer requesting new counsel. However, even if the defendant were still requesting new counsel, the court would deny his request at this juncture based on the record before it. The defendant's request is not supported by specific information and is untimely. The four week trial is approximately a month away and discovery in this case is voluminous. Consequently, the court could not find competent counsel who would be available and prepared to try this case in a month. Further, the public's interest in proceeding with prosecutions in an orderly and expeditious manner outweighs the defendant's countervailing interest in this case, where the court finds that the defense counsel is prepared for trial and the defendant has failed to articulate an adequate basis for substitution. In short, after considering

the statements made by both the defendant and counsel at the hearing, the court finds that there is no issue that would prevent defense counsel from preparing an adequate defense.

The request for substitute counsel is DENIED and the trial remains scheduled for March 1, 2011.

January 25, 2011

William Connelly
United States Magistrate Judge