UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal No. AW-09-0598
:
CHINUA SHEPPERSON :

---

## MEMORANDUM OPINION

The court wanted to memorialize a few of its comments which were stated on June 6, 2011 at the Defendant's Sentencing.

The Court agrees with the jury verdict and believes that the evidence presented by the Government was strong and overwhelming. The Court further believes that Defendant's counsel did the best he could do with what he had to work with. There was a mound of evidence pointing to the Defendant as a member of the Latin Kings, as the pearl and clean-up guy, and the individual who pulled the trigger and executed the decedent. As a minimum the evidence clearly established that the Defendant was aiding, abetting and otherwise had adopted other violent acts perpetrated by the enterprise. It is hard to imagine any act more terrible and awful than what the Defendant did in this instance: Executing an unarmed (the descendent) man after robbing him of his drugs and and other personal item. The hurt and pain Defendant placed upon the family and love ones of the decedent will remain with them for the rest of their lives. In truth, there really is not a sufficient sentence which will compensate the victims for what they have lost. While the court's hands are tied in this case and the law requires that a life sentence is imposed upon the Defendant, there are various sentencing principles which are applicable.

In sentencing a defendant per Booker, the District Court must: (1) after making the appropriate findings of fact (ruling on the objections and issues in dispute), then properly/correctly calculate/determine the guideline range as recommended by the sentencing guidelines; (2) determine whether a sentence within that range and within the statutory limits serves the factors set forth in 3553 (a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining/articulating why a sentence outside the Sentencing Guideline range (particularly explaining any departure or variance) better serves the relevant sentencing purposes set forth in 3553(a). (See United States v. Hughes 4-1 F.3d 540, 546 (4th Cir.2005). The District Court need not discuss each factor set forth in 3553 (a) in a checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside of it) this defendant deserves more or less.

Under 18 USC 3553 (a) the district court must ensure that the sentence it imposes fulfills the congressionally established objective for sentencing:(1) To punish the defendant in light of the seriousness of the offense so as promoting respect for the law and providing just punishment for the offense; (2) affording adequate deterrence (to deter both the defendant and others) from criminal conduct; (3) to incapacitate the defendant and thus protect the public from further criminal activity of the defendant; (4) to rehabilitate the defendant with needed educational or vocational training, medical care or other correctional treatment...providing restitution to victims,

and avoiding unwarranted sentencing disparities. Finally, in determining the sentence that achieves these four purposes, the sentencing court must consider the seven factors indentified in 18 U.S.C.§ 3553 (a) (1)-(7). Some (not all) of these include, the nature and circumstances of the offense and the history and characteristics of the defendant and the kinds of sentence and sentencing range established for the type of crime and circumstances attendant to this case.

In this case, the Defendant's conduct, his participation in the criminal acts, and all of the facts and circumstances established by the evidence in this case amply and appropriately support the sentences imposed in this case. For these reasons, as well as the mandatory-minimum requirements in the case, the Court imposes the sentences as are reflected in the judgment.

Dated
June 10, 2011

_____
ALEXANDER WILLIAMS, JR.
United States District Judge